14-4008
*Belton v. City of New York*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of October, two thousand fifteen.

PRESENT:
   **DEBRA ANN LIVINGSTON,**
   **CHRISTOPHER F. DRONEY,**
     *Circuit Judges,*
   **SIDNEY H. STEIN,**[*]
     *District Judge.*

_____

**Stephanie Belton,**

   *Plaintiff-Appellant*,

  **v.**             **14-4008**

**City of New York, John Mattingly,**

   *Defendants-Appellees*.

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Stephanie Belton, pro se, Cambria Heights, NY. |
| **FOR DEFENDANTS-APPELLEES:** | Elizabeth S. Natrella, Pamela Sieder Dolgow, New York City Law Department, New York, NY. |

---

[*] The Honorable Sidney H. Stein, of the United States District Court for the Southern District of New York, sitting by designation.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Stephanie Belton ("Belton"), proceeding pro se, appeals from the September 29, 2014 judgment of the United States District Court for the Southern District of New York (Oetken, *J.*), granting the motion for summary judgment of Defendant-Appellee City of New York Administration for Children's Services ("ACS") and John Mattingly ("Mattingly"), Commissioner of ACS at all relevant times. Plaintiff-Appellant brought a number of federal and state law claims against ACS, her former employer, and Mattingly.[1] We assume the parties' familiarity with the underlying facts and procedural history of the case, and with the issues on appeal, which we describe here only as necessary to explain our decision to affirm.

* * *

We review de novo a district court's grant of summary judgment, with the view that "[s]ummary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). We resolve all ambiguities and draw all inferences in favor of the non-movant. *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n*, 182 F.3d 157, 160 (2d Cir. 1999). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the

---

[1] The district court determined that ACS was an improper defendant, construed the complaint to assert claims against the City of New York, and directed the Clerk of Court to amend the caption accordingly. *See Belton v. City of New York*, No. 12-Civ.-6436, 2014 WL 4798919, *3 (S.D.N.Y. Sept. 26, 2014). On appeal, we direct the Clerk of the Court to amend the official caption in the same way, by substituting the "City of New York" for the "City of New York Administration for Children's Services."

non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Here, an independent review of the record and relevant case law reveals that the district court properly granted summary judgment to defendants. Except as noted below, we affirm for substantially the reasons stated by the district court in its thorough and well-reasoned September 26, 2014 opinion and order.

The district court did not take into account some of Belton's allegations in support of her hostile work environment claim. In particular, Belton alleges that she was punched, fondled, and spied on in the restroom while employed by ACS. These allegations, however, lack detail with respect to timing. *See Alfano v. Costello*, 294 F.3d 365, 370, 379–81 (2d Cir. 2002) (declining to find a "hostile work environment" absent "pervasive" misconduct). Belton therefore failed to marshal record evidence of episodes with "the nature, severity, and frequency" necessary to defeat summary judgment. *Alfano*, 294 F.3d at 376.

We have considered Belton's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk